UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON, | No. 2:14-cv-02275-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| EMERALD BUSINESS GROUP INCORPORATED, doing business as FLAG CITY CHEVRON, et al., | |
| Defendant. | |

As the court previously has noted, plaintiff has filed no proof of service of the amended complaint.  Plaintiff also has not requested an extension of the initial scheduling conference supported by good cause as ordered by the court on September 23, 2015.  For the following reasons, the court dismisses the case for failure to prosecute.

I.   BACKGROUND

Plaintiff Cynthia Hopson filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, and the California Disabled Persons and Unruh Acts, California Civil Code §§ 51 and 54, against defendants Emerald Business Group, Inc. and the Bokides Family Limited Partnership on September 30, 2014.  ECF No. 1.  Plaintiff later filed an amended complaint on June 16, 2015, to include as defendants Bokides Family Investments

1

Limited Liability Company and The Bokides Company Incorporated.  ECF No. 16.  The claims arise from plaintiff's trip to "Flag City Chevron" located at 6421 Capitol Avenue, Lodi, CA 95242. *See id.*  In the amended complaint, plaintiff continues to raise three (3) claims, including violation of Title III of the ADA, and California Civil Code §§ 51 and 54.  *See generally id.*

On September 30, 2014, the clerk issued summonses for Bokides Family Limited Partnership and Emerald Business Group, Inc.  ECF No. 2.  On January 27, 2015, the summons was returned executed as to Bokides Family Limited Partnership.  ECF No. 5.  The case was set for a pretrial scheduling conference on April 16, 2015, but the date was reset to June 25, 2015, because the parties had not filed a joint status report and defendants had yet to appear.  ECF No. 8.  On April 29, 2015, the court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute.  ECF No. 9.  Plaintiff filed a response to the Order to Show Cause on May 12, 2015, stating she was waiting for the proof of service of process from the process serving company to file with the court.  ECF No. 11.  The court discharged the Order to Show Cause on June 16, 2015.  ECF No.14.  The status conference was then reset for July 30, 2015, ECF No. 15, and plaintiff filed the first amended complaint, ECF No. 16.  New summonses were issued, but none has been returned as executed and no defendant has appeared.  ECF No. 20.  The court issued the most recent order requiring a response.  ECF No. 20.  To date, plaintiff has not responded.

II.     LEGAL STANDARD

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hons. Auth. of City of Los Angeles*, 782F.2d 829, 831 (9th Cir.1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1961)).  Under Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992), as amended (May 22, 1992).  But "[b]ecause dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances."  *Id.*  Whether dismissal is appropriate depends on application of several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

III.     DISCUSSION

Here, the *Thompson* factors support dismissal.  As to the first factor, plaintiff's lack of response to the court's order of September 23, 2015 has effectively brought the litigation to a standstill.  "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff has failed to provide proofs of service either within 120 days of filing her complaint or in the extended period specified in the court's order, or to demonstrate good cause for her failure to do so.  *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed, or within a time period specified by court order); *In re Sheehan*, 253 F.3d at 512 (discussing good cause standard); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005) (courts have authority to set and enforce deadlines to foster the efficient resolution of cases).  As to the second factor, in the interest of managing its docket, the court declines to continually issue orders to show cause in vain in an effort to ascertain plaintiff's intent to continue litigation.  For the third factor of prejudice, plaintiff's actions must have impaired defendant's ability to proceed to trial or threaten to interfere with the rightful decision of the case. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987).  While the defendants have yet to appear in this case, their nonappearance and plaintiff's lack of any effort to move the case forward impedes its resolution.  The fourth factor always weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, plaintiff bears the responsibility of "mov[ing] towards a disposition on the merits at a reasonable pace." *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir.1991).  Here, plaintiff has failed to discharge that responsibility.  Finally, regarding the fifth factor, the court has considered less drastic sanctions in issuing the two orders to show cause, one in April 2015 and one in September 2015, giving plaintiff the opportunity to demonstrate her intention to continue litigation or risk dismissal. *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir.2006)

("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). On balance, the *Thompson* factors weigh in favor of dismissal.

IV. <u>CONCLUSION</u>

Plaintiff's claims are DISMISSED WITH PREJUDICE.  *See* Fed. R. Civ. P. 41(b). The Clerk of the Court is instructed to enter judgment for the defendant and close the case.

IT IS SO ORDERED.

DATED: October 16, 2015.

UNITED STATES DISTRICT JUDGE